FARMERS & MERCHANTS TELEPHONE COMPANY, APPELLANT, v. ORLEANS COMMUNITY CLUB, APPELLEE.

FILED MARCH 14, 1928. No. 25479.

R. L. Keester, for appellant.

Hugh LaMaster, contra.

Heard before GOSS, C. J., ROSE, GOOD, THOMPSON, EBERLY and HOWELL, JJ.

THOMPSON, J.

Complaint was filed with the Nebraska state railway commission, hereinafter called commission, by the Community Club of Orleans, an association of its citizens and property-holders, appellee, against the Farmers & Merchants Telephone Company, appellant, incorporated under the laws of this state for the purposes indicated by its name, and doing business as such in Harlan and surrounding counties, in the former of which the village of Orleans is situate. Appellee prayed that appellant be required to furnish 24-hour service on Sundays and holidays,

as then furnished on week days, at Orleans, and that a compensatory rate for such service be fixed. On such complaint issues were joined, hearing had, and order entered as by appellee prayed, save and except four legal holidays, which we find from the record to be what are known as "Decoration Day, Fourth of July, Thanksgiving, and Christmas." To reverse this judgment the action is brought to this court, and the following claimed errors, in substance, are presented: The commission was without jurisdiction; and its judgment is contrary to the evidence and to the law applicable thereto.

We have considered the facts as reflected by the record, as well as the law applicable thereto, and conclude that the commission was acting within the scope of its authority. Sections 6107, 6124, 6128, and 6139, Rev. St. 1913, now respectively sections 5466, 5483, 5487, and 5498, Comp. St. 1922; *Hooper Telephone Co. v. Nebraska Telephone Co.,* 96 Neb. 245; *Marquis v. Polk County Telephone Co.,* 100 Neb. 140. Especially are we led to this conclusion when we consider the above citations in connection with section 20, art. IV, Constitution of Nebraska, wherein it is provided: "The powers and duties of such (railway) commission shall include the regulation of rates, service and general control of common carriers (such common carriers being defined by section 5483, Comp. St. 1922, as including telephone companies) as the legislature may provide by law. But, in the absence of specific legislation, the commission shall exercise the powers and perform the duties enumerated in this provision."

We further find that there was evidence sufficient to warrant the conclusion reached as to conditions involved, the rate established, and the necessity for the service sought on each Sabbath day and each holiday, other than those holidays heretofore indicated as excluded. In arriving at this determination we have not been unmindful of section 9795, Comp. St. 1922, which provides in part: "If any person of the age of fourteen years or upward shall be found on the first day of the week, commonly called

Sunday, at common labor (work of necessity and charity only excepted) he or she shall be fined," etc. However, as the commission found on competent evidence, as above indicated, that the service sought was a "work of necessity," and as we held in *Byington v. Chicago, R. 1. & P. R. Co.*, 96 Neb. 584, that "such orders (of the commission) will not be reversed unless it affirmatively appears from the record that they are clearly wrong" (which we do not find herein), it necessarily follows that the instant case is one within the above statutory exception.

The judgment of the railway commission is right, and is
AFFIRMED.